UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ROBERT D. SHIELS, CAROL M. SHIELS, ANDREW M. SHIELS, and SARAH M. SHIELS, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 3:19-cv-216 Judge Travis R. McDonough Magistrate Judge H. Bruce Guyton |
|---|---|---|
| *Plaintiffs*, | | |
| v. | | |
| ORANGE LAKE COUNTRY CLUB, INC., | | |
| *Defendant*. | | |

# MEMORANDUM OPINION

Before the Court is Defendant's motion to dismiss (Doc. 7). For the reasons that follow, Defendant's motion will be **GRANTED**.

## I. BACKGROUND

On or about March 10, 2015, Plaintiffs purchased a timeshare program from Defendant pursuant to a written contract. (Doc. 1-1, at 3.) The instant case arises out of the "solicitation, negotiation, sale, administration[,] and financing" of that timeshare program. (*Id.*) Specifically, Plaintiffs allege, *inter alia*, that they were "the unfortunate target[s] of a well-orchestrated scheme designed to induce them to enter into an ill-fated contract, and to invest in a seemingly never-ending obligation of high interest loan payments, assessments and/or maintenance fees, and in return for which they received nothing more than a deed to an essentially worthless timeshare estate." (*Id.* at 6.)

On March 11, 2019, Plaintiffs initiated this action in the Circuit Court for Sevier County, Tennessee. (Doc. 1-1.) On May 14, 2019, Defendant removed the action to this Court. (Doc. 1.) Plaintiffs assert claims against Defendant for: (1) "intentional misrepresentation (fraud)/promissory fraud/fraudulent concealment/negligent misrepresentation"; (2) violation of the Tennessee Time-Share Act of 1981, Tenn. Code Ann. § 66-32-101 *et seq.*; (3) breach of contract; and (4) unjust enrichment. (Doc. 1-1, at 8–11.) Plaintiffs also seek rescission of the timeshare sale and any contract between the parties and return of any funds paid by Plaintiffs. (*Id.* at 13.) On June 20, 2019, Defendant filed a motion to dismiss (Doc. 7), and this motion is now ripe for the Court's review.[1]

**II.    STANDARD OF REVIEW**

According to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though the statement need not contain detailed factual allegations, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

A defendant may obtain dismissal of a claim that fails to satisfy Rule 8 by filing a motion pursuant to Rule 12(b)(6). This includes claims that are barred by the applicable statute of limitations. *Watson v. Rentenbach Eng'g*, No. 3:09-CV-150, 2009 WL 3784960, at *2 (E.D. Tenn. Nov. 10, 2009). On a Rule 12(b)(6) motion, the Court considers not whether the plaintiff

---

[1] Plaintiffs did not file a response to Defendant's motion to dismiss, and the time for doing so has now lapsed. *See* E.D. Tenn. L.R. 7.1(a) (providing that "parties shall have 21 days in which to respond to dispositive motions").

2

will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct." *Id*. at 679. For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). This assumption of veracity, however, does not extend to bare assertions of legal conclusions, *Iqbal*, 556 U.S. at 679, nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

After sorting the factual allegations from the legal conclusions, the Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. This factual matter must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), and a plaintiff is not required to plead the absence of affirmative defenses to state a valid claim. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)). However, if the allegations of the complaint affirmatively show that the claim is time-barred, dismissal under Rule 12(b)(6) is appropriate. *Id.*

## III. ANALYSIS

Defendant filed a motion to dismiss Plaintiffs' claims against it, arguing that the claims are time-barred. (Doc. 7.) In determining whether the statute of limitations bars a particular claim, "a court must identify the gravamen of each claim alleged to determine the applicable statute of limitations." *Benz-Elliott v. Barrett Enterprises, LP*, 456 S.W.3d 140, 141 (Tenn. 2015). Counts I and II of Plaintiffs' complaint generally allege that Plaintiffs were induced to enter into a contract with Defendant through fraudulent misrepresentations and omissions and seek rescission of the timeshare purchase agreement. (Doc. 1-1, at 8–11.)

Pursuant to the Tennessee Timeshare Act of 1981:

> A judicial proceeding where the . . . ***validity of any contract of purchase is in issue and a rescission of the contract or damages is sought must be commenced within four (4) years after the date of the contract of purchase***, notwithstanding that the purchaser's terms of payments may extend beyond the period of limitation. However, with respect to the enforcement of provisions in the contract of purchase which require the continued furnishing of services and the reciprocal payments to be made by the purchaser, the period of bringing a judicial proceeding will continue for a period of four (4) years for each breach, but the parties may agree to reduce the period of limitation to not less than two (2) years.

Tenn. Code Ann. § 66-32-119 (emphasis added). The purchase agreement at issue is dated March 10, 2015 (Doc. 1-1, at 20),[2] and Plaintiffs did not initiate this action until March 11, 2019 (*id.* at 3). Thus, it is clear that Plaintiffs' claims for "intentional misrepresentation (fraud)/promissory fraud/fraudulent concealment/negligent misrepresentation" and violation of the Tennessee Timeshare Act of 1981, Tenn. Code Ann. § 66-32-101 *et seq.* are barred by the

---

[2] Plaintiffs referenced the purchase agreement in their complaint (Doc. 1-1, at 3) and also attached a copy (*id.* at 16–20). Under Rule 10 of the Federal Rules of Civil Procedure, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). The Court can, therefore, consider the purchase agreement in ruling on Defendant's motion to dismiss. *Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 292 (6th Cir. 2015).

4

statute of limitations. Count IV of Plaintiffs' complaint asserts a claim for unjust enrichment and also seeks rescission of the contract. (Doc. 1-1, at 12–13.) Specifically, Plaintiffs allege in Count IV that, "[s]ince the Contract was procured by misrepresentation, fraud and duress, as set forth hereinabove, the same should be voidable at Plaintiffs' option or otherwise rescinded." (Doc. 1-1, at 12.) Because Count IV also questions the validity of the contract and seeks rescission, it too is barred by the statute of limitations. Tenn. Code Ann. § 66-32-119.

Finally, Count III of Plaintiffs' complaint ostensibly asserts a claim for breach of contract. (Doc. 1- 1, at 11–12.) Defendant argues, however, that, Count III "does not identify any contractual provisions that have allegedly been breached by [Defendant]. Instead, Plaintiffs' allegations of 'breach' arise from [Defendant]'s alleged failure to deliver on the promises Plaintiffs contend [Defendant] made at the point of sale." (Doc. 8, at 4.)

With respect to their breach-of-contract claim, Plaintiffs assert that:

- "Defendant has breached the Contract by failing to deliver on all of the aforementioned promises and assurances discussed and/or disclosed during the presentation, as set forth hereinabove (and particularly within paragraph 21 (including subparts), and/or by otherwise denying Plaintiffs the essential purpose of the various agreements." (Doc. 1-1, at 11–12.)

- "Defendant has further breached the terms of the Contract by materially omitting that it was acting against Plaintiffs' pecuniary interests by selling Plaintiffs a timeshare estate that was inherently worthless as a result of Defendant's actions." (*Id.* at 12.)

Moreover, Paragraph 21 of Plaintiffs' complaint alleges that "Plaintiffs were induced to sign the [purchase agreement] based upon numerous misrepresentations and/or fraudulent omissions of Defendant, individually and/or by and through its Agents." (Doc. 1-1, at 7–8.) It then goes on to enumerate Defendant's alleged acts and omissions. (*Id.*) Plaintiffs fail to identify how Defendant breached the terms of the written timeshare purchase agreement. Instead, the "gravamen" of the breach-of-contract claim sounds in fraud and misrepresentation and, as do the

5

other claims, challenges the validity of the timeshare purchase agreement. *See Benz-Elliott*, 456 S.W.3d at 141. Accordingly, this claim is also barred by the statute of limitations.

## IV.     CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss (Doc. 7) is **GRANTED**. Plaintiffs' claims are hereby **DISMISSED WITH PREJUDICE**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

                                                                              */s/ Travis R. McDonough*
                                                                              **TRAVIS R. MCDONOUGH**
                                                                              **UNITED STATES DISTRICT JUDGE**